```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

ASR NATIONWIDE, LLC                                          PLAINTIFF

VERSUS                             CIVIL ACTION NO. 5:10-cv-194-DCB-JMR

RICHARD T. BEGAY D/B/A
BEGAY FOUR CORNERS RECOVERY AND
PRIME HOLDINGS INSURANCE SERVICES, INC.                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff's Motion to Remand **(docket entry 7)**. Having carefully considered the motion, response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

On November 1, 2010, ASR Nationwide, LLC ("ASR") filed a complaint (docket entry 1-2, 6-4) in the County Court of Adams County, Mississippi, asserting claims against defendants, Richard T. Begay d/b/a Begay Four Corners Recovery ("Four Corners") and "Prime Holdings Insurance Services, Inc.," properly known as Prime Insurance Company ("Prime"). The complaint alleges that ASR and Four Corners, both involved in repossession services, contracted for Four Corners's provision of repossession services in Arizona and that, in December 2009, Four Corners repossessed three vehicles for ASR, which it continues to possess, despite ASR's repeated requests that they be released. ASR additionally sues Prime, Four Corners's insurer.

1

ASR asserts three claims against Four Corners: (1) wrongful retention of property, (2) breach of contract, and (3) conversion. ASR seeks: a judgment of lawful entitlement to possess the three vehicles together with Writ of Replevin for the seizure and delivery of the vehicles; damages of $60,000.00 suffered as consequence of Four Corners's breach of contract; an unspecified amount for damage to business reputation; and a declaratory judgment against Prime stating its obligation to indemnify Four Corners.  The complaint further seeks unspecified and potentially additional "actual, consequential and incidental damages" and "other and additional equitable and legal relief to which it may be entitled."  Finally, ASR seeks "in the alternative" a judgment against Four Corners "not to exceed $74,999.00, inclusive of pre-judgment interest, post-judgment interest, all costs expended herein, and attorney's fees."

Prime filed a Notice of Removal on December 8, 2010, arguing diversity jurisdiction exists in this Court because the amount in this controversy, on the face of the complaint, clearly exceeds $75,000.00 and plaintiff's attempt to limit the amount to less than $75,000.00 is not binding under Mississippi law and therefore not effective to defeat federal jurisdiction.  In its Motion to Remand, ASR argues that its original complaint is clear and seeks less than $75,000.00.  In the alternative, ASR argues that if the complaint is ambiguous, the affidavit submitted with its Motion to Remand

establishes that it will not seek or accept more than the minimum jurisdictional amount.[1]  Responding to the Motion to Remand, Prime argues that because ASR's complaint clearly seeks more than $75,000.00, the plaintiff cannot offer a subsequent affidavit which would alter the amount sought once the defendant has removed.

For this Court to have jurisdiction over this case, 28 U.S.C. § 1332 requires that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs" and that there is diversity of citizenship.  Diversity is not disputed in this case.

In St. Paul Mercury Indemnity Co. v. Red Cab Co., the Supreme Court made clear that a plaintiff's explicit stipulation of the amount in controversy in the complaint controls as long as it is made in good faith.  303 U.S. 283, 288 (1938).  The defendant can overcome this presumption in favor of the plaintiff's statement of the amount by demonstrating "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount."  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see also Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (asking whether it is more likely than not that the amount in controversy exceeds the minimum jurisdictional amount).

Here, there is no question that the specified damages sought

---

[1] The affidavit, signed by James B. Darnell, CEO of ASR, states, "that the Plaintiff will not seek or accept any recovery in excess of $75,000.00 for damages of any kind" (docket entry 7-2, Exh. B).

in the complaint are $60,000.00 and thus, do not exceed the jurisdictional minimum of $75,000.00.[2] Prime's only argument that ASR seeks more than $75,000.00 is the conclusory allegation that when the specified damages are combined with additional unspecified damages, ASR's damages are likely to exceed the jurisdictional amount. Prime labels ASR's statement in its complaint that "in the alternative" it seeks "an amount not to exceed $74,999.00," "a red herring and a not so thinly veiled attempt to improperly avoid this court's jurisdiction." (docket entry 9, ¶ 1). But Prime has submitted no evidence to support its position that the damages will necessarily exceed $75,000.00 and thus cannot meet its burden to show that the plaintiff seeks more than the jurisdictional amount. Moreover, ASR has made an attempt to keep its damages below the jurisdictional minimum by seeking in the alternative $74,999.00. The Court concludes, however, that the complaint is ambiguous because it is arguable that the $60,000.00 of specified damages added to the other types of damages mentioned could exceed $75,000.00.

Where a complaint is ambiguous as to the amount in controversy, the Fifth Circuit has held that post-removal affidavits establishing the amount are permissible as long as they serve to "clarify a petition that previously left the

---

[2] ASR stated for purposes of an insurance claim with Prime that its loss was $62,267.00. That difference is immaterial since $62,267.00 is still less than the jurisdictional minimum.

4

jurisdictional question ambiguous." ANPAC v. Dow Quimica, 988 F.2d 559, 565 (5th Cir. 1993) abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas, 145 F.3d 211 (5th Cir. 1998); see also St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250,1254 n.18 (5th Cir. 1998) (citing ANPAC, 988 F.2d at 565). This is so because in reviewing such affidavits, "the court is still examining the jurisdiction of facts *as of the time* the case is removed" even though affidavits were actually submitted after removal. ANPAC, 988 F.2d at 565 (emphasis added).

In Gebbia v. Wal-Mart Stores, Inc., the Fifth Circuit reaffirmed its holding in ANPAC, stating that post-removal affidavits "may be considered in determining the amount of controversy at the time of removal" . . . "only if the basis for jurisdiction is ambiguous at the time of removal." 233 F.3d 880, 883 (5th Cir. 2000). By contrast, for complaints that clearly articulate an amount in controversy over $75,000.00 at the time of removal, any attempts to reduce this amount by way of affidavit or otherwise do not affect the district court's jurisdiction. Id.

Prime mistakenly argues that, "[b]ecause [ASR] failed to file a binding stipulation or affidavit with its Complaint, [ASR's] subsequent affidavit regarding the amount in controversy, which was filed with the Motion to Remand, is irrelevant." (docket entry 9, ¶ 8). Defendant Prime disregards the crucial distinction, which the cases provide, between *amending* a clear complaint that seeks

5

more than the jurisdictional amount and *clarifying* an ambiguous complaint.

The former is seen as an attempt to manipulate jurisdiction by the plaintiff and is not allowed. See, e.g., Jones v. Compass Bancshares, Inc., 339 Fed.Appx. 410, 410-11 (5th Cir. 2009) (explaining that the plaintiff cannot defeat federal jurisdiction by originally seeking $100,000.00 only to amend the complaint to ask for less than $75,000.00 when the defendant removed); Service Finance Corp., 116 F.2d 488,489 (5th Cir. 1941) (also concluding that the federal court does not lack jurisdiction when the complaint clearly stated an amount over the minimum jurisdictional amount only to amend this amount when the defendant removed the case). The latter is clearly permissible. For example, in Blaylock v. Mutual of New York Life Insurance Co., the defendant argued that the plaintiff's claim that the amount sought was less than $75,000.00 was made in bad faith. The district court rejected the defendant's arguments in favor of federal jurisdiction because the complaint, even with the inclusion of punitive damages, was ambiguous and could be supplemented by a post-removal affidavit binding the plaintiffs to accept no more than $75,000.00. 228 F.Supp.2d 778, 784-86 (S.D. Miss. 2002). Similarly, in Thrash v. New England Mutual Life Insurance Co., the plaintiff structured his complaint much like ASR's in that Thrash also asked for a specific amount less than $75,000.00 and some other allowable damages,

6

restricted to a total less than $75,000.00.  534 F.Supp.2d 691, 693 (S.D. Miss. 2008).  The district court in Thrash agreed with the defendant that the complaint was ambiguous but allowed the plaintiff to stipulate that he would not accept more than the jurisdictional minimum in a post-removal affidavit and thus, granted the Motion to Remand.  Id. at 694.  This Court concludes that the facts here are similar to Thrash and Blaylock, and thus, while ASR's complaint did include ambiguities in the statement of damages, the affidavit attached to its Motion to Remand established to a legal certainty that it seeks no more than the minimum jurisdictional amount.  Accordingly, the Motion to Remand is granted.

ASR also seeks attorney's fees under 28 U.S.C. § 1447(c) if this Court finds that the removal without basis was merely an attempt to harass the plaintiff.  The Court finds that Prime's arguments in favor of removal were not utterly without basis; therefore, ASR is not entitled to reasonable attorney's fees. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)(holding that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal").

**IT IS HEREBY ORDERED** that ASR's motion to remand **(docket entry 7)**, is **GRANTED**, and this action shall be remanded to the County Court of Adams County, Mississippi.

**IT IS FURTHER ORDERED** that the plaintiff's request for attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss for Improper Venue [docket entry no. 2] and Motion to Change Venue [docket entry no. 3] are **MOOT.**

A separate order remanding this case to the County Court of Adams County, Mississippi, shall follow.

**SO ORDERED**, this the 1st day of June, 2011

                                         s/ David Bramlette
                                     **UNITED STATES DISTRICT JUDGE**